# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5568 FMO (AGRx) | Date | December 13, 2019 |
|---|---|---|---|
| Title | Twana Brown v. Scott Wilkinson, et al. | | |

Present: The Honorable  Fernando M. Olguin, United States District Judge

| Cheryl Wynn | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):     Attorney Present for Defendant(s):

None Present     None Present

**Proceedings:**     (In Chambers) Order to Show Cause Re: Consolidation of Actions

On June 26, 2019, plaintiff Twana Brown ("plaintiff Brown") filed a shareholder derivative complaint on behalf of Inogen, Inc. ("Inogen") against various of Inogen's corporate officers (collectively, "defendants"). (See Twana Brown v. Scott Wilkinson, et al., Case No. CV 19-5568 FMO (AGRx) (C.D. Cal.) ("Brown"), Dkt. 1, "Brown Complaint" at ¶¶ 1, 26-73). Plaintiff Brown alleges claims for violation of § 14(a) of the Exchange Act, breach of fiduciary duty, unjust enrichment, and waste of corporate assets. Plaintiff Brown's claims arise from allegations that defendants misled investors about the reasons for Inogen's initial financial success, exaggerated the size of the market for the company's products as well as its growth potential, and failed to disclose material information about the company. (See Dkt 1, Brown Complaint at ¶¶ 5-17).

Within weeks or months of the filing of plaintiff Brown's complaint, several other Inogen shareholders filed derivative lawsuits against the company's corporate officers, alleging the same violations as plaintiff Brown[1] and making similar factual allegations. (See, generally, Haitham Saeed v. Scott Wilkinson, et al., Case No. CV 19-8634 FMO (AGRx) (C.D. Cal.) ("Saeed"), Dkt. 1, "Saeed Complaint"; Carole Butcher v. Scott Wilkinson, et al., Case No. CV 19-8685 FMO (AGRx) (C.D. Cal.), Dkt. 1, "Butcher Complaint"; John Mitchell v. Scott Wilkinson, et al., Case No. CV 19-9374 FMO (AGRx) (C.D. Cal.), Dkt. 1, "Mitchell Complaint").

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" Fed. R. Civ. P. 42(a)(2). The court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984). "A district court generally has 'broad' discretion to consolidate actions[.]" Pierce v. Cty. of Orange, 526 F.3d 1190, 1203 (9th Cir.

---

[1] Although plaintiff John Mitchell's factual allegations against defendants are substantively similar, his causes of action are slightly different. (See John Mitchell v. Scott Wilkinson, et al., Case No. CV 19-9374 FMO (AGRx) (C.D. Cal.), Dkt. 1, "Mitchell Complaint" at ¶¶ 140-62). Unlike the other three plaintiffs, plaintiff John Mitchell brought an insider trading claim and did not bring a claim for waste of corporate assets. (See id.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-5568 FMO (AGRx)** | Date | **December 13, 2019** |
|---|---|---|---|
| Title | **Twana Brown v. Scott Wilkinson, et al.** | | |

2008). Accordingly, IT IS ORDERED that by no later than **December 20, 2019**, the parties shall file either a stipulation or response, not to exceed five pages, to show cause why the Saeed, Brown, Butcher, and Mitchell actions should not be consolidated.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | cw | |